## Hattie Proctor, Appellee, v. W. F. Rhorbeck, Appellant.

### Gen. No. 21,758.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed March 8, 1917.

### Statement of the Case.

Action by Hattie Proctor, plaintiff, against W. F. Rhorbeck, defendant, for damages for unlawful eviction and loss of goods and chattels. From a judgment for plaintiff for $350 on remittitur, defendant appeals.

It appeared that plaintiff had leased the flat in question from defendant; that the lease had not expired; that the rent had been paid in advance; that no notice had been given by the owner terminating the lease; that plaintiff was in lawful possession, when, without notice of any kind, defendant entered and removed the goods and chattels of plaintiff to the value of $390.59, and put a stranger in possession. The evidence also showed that plaintiff made several efforts to get into the premises, but was kept locked out; that numerous efforts were made by her to find where her goods had been taken, and that all of the goods in question were lost to her without any compensation.

CHRISTIAN MEIER and E. A. LINDERHOLM, for appellant.

SAMUEL C. HERREN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. Landlord and tenant, § 515*—*when evidence sufficient to show knowledge by landlord of eviction and loss of goods.* Evidence *held* to show that the defendant landlord was fully aware of the eviction and removal of the goods of the plaintiff, in an action by the lessee to recover damages for such eviction and the loss of such goods.

2. Landlord and tenant, § 487*—*what is not excuse for forcible removal of lessee's goods.* The fact that a lessee had told the lessor that the leased premises would be given up would not excuse the lessor's forcible removal of the lessee's goods from the premises and the subsequent loss of such goods where the lessee was yet in lawful possession of the premises at the time of such removal.

3. Landlord and tenant, § 515*—*when evidence is insufficient to show effort by landlord to restore goods wrongfully taken.* Evidence *held* insufficient to show that the defendant made any effort to put the plaintiff in possession of certain goods belonging to her and taken by him from her possession, in an action to recover damages for the loss of such goods.

4. Landlord and tenant, § 517*—*when instruction on vindictive damages in action by lessee for wrongful eviction is erroneous.* An instruction in an action by a lessee for damages for unlawful eviction and loss of goods and chattels that vindictive damages cannot be recovered where there are no circumstances indicating insult or indignity, *held* to be erroneous.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.